## COMMONWEALTH *vs.* CHARLES M. PARSONS.

Suffolk.   March 23. — May 8, 1885.   W. ALLEN, COLBURN, & HOLMES, JJ., absent.

In empanelling the jury for the trial of a criminal cause, the clerk drew and called the name of a juror; but through misapprehension of the name, both by the juror called and by another person, who was in attendance as a juror, duly summoned and qualified, the latter took his seat on the jury, was sworn, and served during the trial. *Held,* that the defendant, if not injured by the mistake, was not, of right, entitled to a new trial.

MORTON, C. J.   The statute provides that " no irregularity in a writ of *venire facias,* or in the drawing, summoning, returning, or empanelling of jurors, shall be sufficient to set aside a verdict, unless the party making the objection was injured by the irregularity, or unless the objection was made before the returning of the verdict."   Pub. Sts. c. 170, § 40.

In the case at bar, it appeared, upon a motion for a new trial, that at the September term, when the defendant was tried, Edward W. Dailey and Alfred L. Bailey were in attendance as jurors, duly drawn, summoned, and qualified.   In empanelling the jury for the trial, the clerk drew from the box and called the name of said Dailey; by reason of a misapprehension on the part of both jurors as to the name called, Bailey took his seat on the jury, was sworn, and served during the trial.   The mistake was not discovered until the December term of the court.   Bailey was a competent juror, so that the mistake did not result in getting upon the jury a man who was not qualified to serve as a juror.   So far as the exercise of the defendant's right of challenge depended upon the inspection of the juror, it is clear that the mistake in name is immaterial.

If the defendant, having no knowledge of the person of the juror, had, from an inquiry as to his antecedents, desired or intended to challenge him if called, a case might be presented where the mistake in name would abridge his right of challenge, and thus injure him.   But in the case at bar there was no evidence or pretence of any such injury.   The case presented is one of an irregularity in empanelling the jury by which the defendant was not injured.   It falls within the provisions of the statute,

and the Superior Court rightly ruled that the defendant was not of right entitled to a new trial.          *Exceptions overruled.*

*P. J. Casey,* for the defendant.

*F. J. Stimson,* Assistant Attorney General, (*E. J. Sherman,* Attorney General, with him,) for the Commonwealth.