COMMONWEALTH *vs.* WILLIAM F. FITZPATRICK. November 3, 1982. The defendant appeals from his convictions on four indictments charging him with indecent assault and battery and rape of two eight year old females. G. L. c. 265, § 13B & § 23. He alleges that the trial judge erred in failing to instruct the jury sua sponte that certain hearsay evidence was of limited value and also contends that his multiple convictions are duplicitous. We affirm the judgments.

The victims will be referred to as Mary and Jane. The facts which the jury could have found are as follows. The defendant resided in an apartment with Mary and her mother. Jane lived in the same building. On or about February 11, 1980, the two girls were playing in Mary's apartment. The defendant was at home, in his bedroom lying naked on his bed. He called Mary into his room and told her to take off her clothes, which she did. The defendant forced Mary to engage in fellatio, and either during

or after that act, he placed his finger on her vagina. When he finished with Mary, the defendant called to Jane and made her remove her clothing. The defendant had Jane sit on top of him and rub his penis. Either simultaneous with or subsequent to that act, the defendant inserted his finger into Jane's vagina.

A social worker at the girls' school related that Jane had told her that the defendant had made Mary put his penis in her mouth, but Jane denied to the social worker that she (Jane) had ever performed such acts with the defendant. Mary refused to talk about these events when questioned by the social worker, who alerted the girls' mothers. The mothers testified to how they had inquired of their daughters about these acts and to the responses given by the girls. The defendant testified and denied that he had molested the girls.

1. The defendant never requested a limiting instruction when the social worker and the mothers related the hearsay statements of the victims to them. It was his obligation to do so. *Commonwealth* v. *Swenson,* 368 Mass. 268, 274 (1975). *Commonwealth* v. *Bailey,* 370 Mass. 388, 396 n. 11 (1976). See also *Commonwealth* v. *Roberts,* 378 Mass. 116, 126 (1979) ("Ordinarily judges are not required, sua sponte, to instruct juries as to the purposes for which evidence is offered at trial"). Moreover, the defendant did not object to many of the statements to which he now directs our attention; in those instances where objections were taken, the apparent grounds are other than those now urged on appeal. Accordingly, we confine our review to the issue whether there is a substantial risk that a miscarriage of justice has occurred. *Commonwealth* v. *Freeman,* 352 Mass. 556, 563-564 (1967). *Commonwealth* v. *Levia,* 385 Mass. 345, 355 (1982). The record demonstrates that the defendant did not object to the social worker's testimony as evidence of a prior statement made by Jane which was inconsistent with her testimony at trial. The defendant requested that the trial judge refrain from instructing the jury on "fresh complaint" evidence, and he did not seek any limitation on Jane's statements to the social worker, as related by the social worker. During his closing argument to the jury, the defendant made full use of the hearsay statements of the victims to argue that the questioning of the girls by these witnesses placed "the suggestion" in the minds of the children that the acts which they had imagined had in fact occurred. In light of these circumstances, we see no substantial risk of a miscarriage of justice.

2. The defendant argues that because "one cannot rape a person without also committing an indecent assault and battery," his convictions are duplicitous. The recited evidence shows, however, that the indecent touchings were separate from and unnecessary to the acts of penetration. We are thus concerned with distinct acts that constitute violations of different statutes, see *Commonwealth* v. *McCan,* 277 Mass. 199, 203 (1931), and not a single act that may be an offense against two statutes. See *Commonwealth* v. *Crocker,* 384 Mass. 353, 357-359 (1981). Nor are we

faced with a situation where discrete offenses were but a single continuing offense under one statute. Compare *Commonwealth* v. *Winter*, 9 Mass. App. Ct. 512, 525-526 (1980), with *Commonwealth* v. *Gurney*, 13 Mass. App. Ct. 391, 401 (1982). An indecent contact which is separate from and not incidental to the act of penetration does not merge with the crime of rape to constitute but a single offense any more than a second penetration of the same victim during the same criminal episode constitutes but one rape. The indecent assault and battery and rape of each of the victims are not offenses "so closely related in fact as to constitute in substance but a single crime." *Commonwealth* v. *St. Pierre*, 377 Mass. 650, 662-663 (1979). The defendant's convictions are not duplicitous in either a technical or real sense.

*Judgments affirmed.*

*Robert I. Warner* for the defendant.

*James W. Sahakian,* Assistant District Attorney, for the Commonwealth.