517 A.2d 992

**COMMONWEALTH of Pennsylvania**

v.

**Joseph S. CACEK, Appellant.**

Superior Court of Pennsylvania.

Argued June 5, 1986.

Filed Nov. 12, 1986.

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant.

Paul Susko, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before ROWLEY, DEL SOLE and CERCONE, JJ.

DEL SOLE, Judge:

Joseph S. Cacek was found guilty after a jury trial of rape,[1] simple assault[2] and terroristic threats[3] with respect to his conduct toward his stepdaughter from the time she was twelve until twenty-two years of age. Post-trial motions for new trial and/or arrest of judgment were filed and subsequently denied. Thereafter, Appellant was sentenced to a term of imprisonment for not less than four nor more than eight years for rape, a consecutive two year period of probation for simple assault and a two year period of probation for terroristic threats to run concurrent with the period of probation for simple assault.

■ Initially, Appellant contends the trial court erred in denying his pre-trial Motion for discovery of any statements made by the victim to personnel of the Erie County Rape Crisis Center in the possession of the Commonwealth. In denying the Motion the trial court reasoned, "that such statements are specifically determined to be confidential by legislative enactment and not subject to pre-trial discovery. (42 Pa.C.S.A. § 5945.1(b))." (Trial Court Opinion at 6). In this respect the trial court erred and for the following reasons, we vacate the judgment of sentence and remand for proceedings consistent with this opinion.

1. 18 Pa.C.S.A. § 3121(1 and 2) provides:
   A person commits a felony of the first degree when he engages in sexual intercourse with another person not his spouse: (1) by forcible compulsion. (2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.

2. 18 Pa.C.S.A. § 2701(a)1 provides:
   (a) Offense defined.—A person is guilty of assault if he:
      (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another.

3. 18 Pa.C.S.A. § 2706 provides:
   A person is guilty of a misdemeanor of the first degree if he threatens to commit any crime of violence with intent to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience.

The Confidential Communications To Sexual Assault Counselors statute provides in pertinent part:

(b) Privilege—A sexual assault counselor has a privilege not to be examined as a witness in any civil or criminal proceeding without the prior written consent of the victim being counseled by the counselor as to any confidential communication made by the victim to the counselor or as to any advice, report or working paper given or made in the course of the consultation.

42 Pa.C.S.A. § 5945.1(b).

Appellant contends the trial court erred in denying his motion as 42 Pa.C.S.A. § 5945.1(b) "infringes upon the right of confrontation guaranteed by the Sixth Amendment without the justification of a compelling state interest...." (Appellant's Brief at 15).

▮▮▮ "[W]e take note of the well-established proposition that a court is not to rule on the constitutionality of a statute unless it is absolutely necessary to do so in order to decide the issue before it." *Commonwealth v. Samuels*, 354 Pa.Super. 128, 144–145, 511 A.2d 221, 230 (1986). It is unnecessary to the disposition of this appeal to reach the issue of the constitutionality of § 5945.1(b). The statute is simply inapplicable in this matter. "It grants sexual assault counselors a privilege...." *Commonwealth v. Samuels*, 354 Pa.Super. at 147, 511 A.2d at 231. Appellant has not attempted to discover any communication by the victim in the possession of a counselor or any advice, report or paper given or made in a counselor's possession. Here, pursuant to Pa.R.Crim.P. 305, Appellant filed a pre-trial Motion for discovery of information within the Commonwealth's possession. 42 Pa.C.S.A. § 5945.1(b) does not grant the Commonwealth a privilege to prevent disclosure of discoverable items and information requested by a defendant pursuant to Pa.R.Crim.P. 305. In denying Appellant's Motion, the trial court erred. However, "[e]rror in the abstract does not require a new trial. Error which does not result in prejudice to the accused or deny the accused a fair trial does not warrant an appellate court's reversal of

the trial court's denial of a motion for a new trial." *Commonwealth v. Pittman*, 320 Pa.Super. 166, 177, 466 A.2d 1370, 1375 (1983). Therefore, on remand, Appellant must be permitted discovery of information and items within the Commonwealth's possession pursuant to Pa.R.Crim.P. 305 unfettered by the privilege accorded under 42 Pa.C.S.A. § 5945.1(b). Appellant may then argue to the trial court what use, if any, could have been made of the information. "The Commonwealth may attempt to establish that any error was harmless. *Commonwealth v. Slaughter*, 482 Pa. 538, 394 A.2d 453 (1978). Unless the trial court is convinced that any error was necessarily harmless, it shall vacate judgment of sentence and grant ... a new trial." *Commonwealth v. Ritchie*, 509 Pa. 357, 368, 502 A.2d 148, 154 (1985).

■ Appellant next asserts the court erred in denying a pre-trial Motion to Suppress a statement he gave to police officers and in subsequently denying his Motion for a Mistrial when the statement was admitted into evidence at trial. It is contended that considering the totality of the circumstances, i.e. that he did not sign a waiver form, that he has limited reading ability, and that he was nervous, the statement was involuntary.

> In reviewing the ruling of a suppression court, the reviewing court's initial task is to determine whether the factual findings are supported by the record. In making this determination, if the suppression court held for the prosecution, the reviewing court must consider only the evidence of the prosecution and so much of the evidence for the defense as, fairly read in the context of the record as a whole remains uncontradicted.

*Commonwealth v. Monarch*, 510 Pa. 138, 147, 507 A.2d 74, 78 (1986).

The uncontradicted testimony of the police officers at the suppression hearing was that they read *Miranda* warnings to Appellant who indicated he understood them, and that he then proceeded to make a statement. Before Appellant had an opportunity to sign the waiver form, an investigator

from the Public Defender's office arrived and inquired whether Appellant wanted to see an attorney. Appellant replied he did and the interview was concluded.

The record of the suppression hearing as well as the transcript of trial testimony reveal Appellant was informed of his rights and made a brief inculpatory statement prior to deciding to consult an attorney. There is no record of threats, mistreatment or coercion. The trial court did not err in denying Appellant's Motion to suppress his statement and subsequently denying his Motion for a mistrial.

■ Appellant claims the court erred in denying a Motion to excuse or question a potentially biased juror.

A conversation took place between a tipstaff and juror which revealed the juror had participated in a protection from abuse hearing. When informed of this by the trial judge, Appellant's counsel moved to excuse the juror on the basis that evidence of domestic abuse had been introduced at Appellant's trial. The motion was denied and the court noted the juror had been asked whether she had ever been the victim of a crime and she had not indicated that she had been. The court further noted that a protection from abuse proceeding is not criminal in nature. Counsel then sought to question the juror as to the possibility of bias. The court refused to permit questioning.

The trial court exercised discretion apparently satisfied the juror had not been the victim of a crime. "The discharge of a juror is a matter within the sound discretion of the trial judge and the lower court will only be reversed for an abuse of that discretion." *Commonwealth v. Graves,* 316 Pa.Super. 484, 492, 463 A.2d 467, 471 (1983). We find no abuse of discretion.

■ Finally, it is argued that trial counsel was ineffective for failing to ascertain by proper questioning during voir dire whether the juror had previously been involved in any court proceeding. "When confronted with a claim of ineffective assistance of counsel, a reviewing court must first ascertain whether the issue underlying the charge of inef-

fectiveness is of arguable merit...." *Commonwealth v. Buehl,* 510 Pa. 363, 378, 508 A.2d 1167, 1174 (1986). In this instance the issue is not of arguable merit. Counsel is not required to ask all possible questions at voir dire. During voir dire, it was established that the juror had not been involved with the criminal justice system. There is no basis for a finding of ineffectiveness.

The case is remanded to the trial court for proceedings consistent with this opinion. Jurisdiction relinquished.

CERCONE, J., concurs in the result.