## Commonwealth v. DiSabato

*Keith Pesto, assistant district attorney,* for the commonwealth.

*Terry Despoy,* for defendant.

SMITH, *J.*, February 26, 1988 — We are asked to resolve a discovery dispute in a rape prosecution wherein the defense has requested, and the commonwealth has opposed, access to the following: (1) the names and addresses of any rape counselors seen by the victim and any reports prepared by any such counselors; (2) all statements of eyewitnesses, including the victim; and (3) all police reports. Except to the extent that the defense seeks pretrial disclosure of statements made by the victim to police or prosecutorial authorities, these broad requests will be denied.[1]

Defendant, Timothy DiSabato, is accused of rape,[2] aggravated[3] and simple assault,[4] and indecent assault,[5] following an attack upon Rhonda Morder on July 22, 1987, in the City of Altoona. A notice of alibi defense was filed, together with a request for discovery. On November 23, 1987, defendant's attorney met with an assistant district attorney, at which time certain requested items were disclosed to the defense, while other items were refused. Defendant then filed a motion to compel production of documents, seeking the items enumerated above.

In seeking this court to compel disclosure of the names and addresses of any rape counselors seen by the victim, and "any portion of their files containing statements of the complaintant which bear on the facts of the alleged offense," the defense relies upon *Pennsylvania v. Ritchie*, _____U.S. _____, 107 S.Ct.

1. The commonwealth has agreed to make available copies of medical records concerning the victim's treatment for the alleged attack.
2. 18 Pa.C.S. §3121.
3. 18 Pa.C.S. §2702.
4. 18 Pa.C.S. §2701.
5. 18 Pa.C.S. §3126.

989,94 L.Ed.2d 40 (1987) and *Matter of Pittsburgh Action Against Rape (PAAR)*, 494 Pa. 15, 428 A.2d 126 (1981). To the extent that the defense seeks material not within the possession or control of the commonwealth, that reliance is misplaced.

The Supreme Court of the United States has recently considered the applicability of the Sixth and Fourteenth Amendments to a defendant's request for access to information which is protected by a qualified statutory privilege. In *Pennsylvania v. Ritchie, supra,* a child protective service agency which had investigated an assault on defendant's daughter denied him pretrial access to agency files, claiming the records were confidential pursuant to 11 P.S. §2215.[6] Without engaging here in lengthy discussion of the constitutional analysis in that decision, a majority of the *Ritchie* court found in that an accused's unsuccessful attempt to obtain pretrial information is grounded in the due process clause of the Fourteenth Amendment. *Ritchie,* at ____, U.S. at ____, 107 S.Ct. at 1001. Only a plurality of that court found the Sixth Amendment analysis to be convincing.

Accordingly, we review the claim before us, not as one implicating the confrontation clause, but as one

6. The relevant portion of section 2215 provides:

"(a) Except as provided in section 14 [11 Pa.C.S. §2214 (1987)] reports made pursuant to this act including but not limited to report summaries of child abuse . . . and written reports . . . as well as any other information obtained, reports written or photographs or X-rays taken concerning alleged instances of child abuse in the possession of the department, a county children and youth social service agency or a child protective service shall be confidential and shall only be made available to: . . .

"(5) A court of competent jurisdiction pursuant to a court order." 11 Pa.C.S. §2215(a)(5).

governed by *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and by Pa. R.Crim.P. 305.

Defendant's argument is devoid of constitutional analysis. Furthermore, it fails to even make reference to Pennsylvania's sexual assault victim-counselor privilege. 42 Pa.C.S. §5945.1.[7] Instead,

7. The statute in full is as follows:

"§5945.1 Confidential communications to sexual assault counselors:

"(a) *Definitions* — As used in this section the following words and phrases shall have the meanings given to them in this sub-section:

" 'Rape crisis center.' Any office, institution or center offering assistance to victims of sexual assault and their families through crisis intervention, medical and legal accompaniment and follow-up counseling.

" 'Sexual assault counselor.' A person who is engaged in any office, institution or center defined as a rape crisis center under this section, who has undergone 40 hours of training and is under the control of a direct services supervisor of a rape crisis center, whose primary purpose is the rendering of advice, counseling or assistance to victims of sexual assault.

" 'Victim.' A person who consults a sexual assault counselor for the purpose of securing advice, counseling or assistance concerning a mental, physical or emotional condition caused by a sexual assault.

"Confidential communication.' Information transmitted between a victim of sexual assault and a sexual assault counselor in the course of that relationship and in confidence by a means which, so far as the victim is aware, does not disclose the information to a third person other than those who are present to further the interests of the victim in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or an accomplishment of the purposes for which the sexual assault counselor is consulted. The term includes all information received by the sexual assault counselor in the course of that relationship.

"(b) *Privilege* — A sexual assault counselor has a privilege not to be examined as a witness in any civil or criminal proceeding without the prior written consent of the victim

the defense broadly asserts *PAAR* as authority for its claimed right to pretrial inspection of any statements by the victim to a rape counselor.

No matter how compelling the analysis in *PAAR*, enactment of this statutory privilege was a resounding legislative "response to our Supreme Court's decision [in that case]." *Commonwealth v. Samuels*, 354 Pa. Super. 128, 511 A:2d 221 (1986). We note also that, unlike the conditional privilege addressed in *Richie*, 42 Pa.C.S. §5945.1 provides an *absolute* privilege for communications made to a rape crisis counselor. *Commonwealth v. Kyle*, 367 Pa. Super 484, 533 A.2d 120 (1987).

This is not to say that under no circumstances should a court direct disclosure of a sexual assault victim's communications to a counselor. In *Commonwealth v. Cacek*, 358 Pa. Super. 381, 517 A.2d 992 (1986), Superior Court held 42 Pa.C.S. §5945.1 inapplicable to a defendant's pretrial motion for discovery of any statements, in the possession of the commonwealth, made by a rape victim to personnel of a rape crisis center. In reversing the trial judge's denial of the discovery motion, Superior Court declared that:

"[O]n remand, appellant must be permitted discovery of information and items *within the commonwealth's possession* pursuant to Pa.R.Crim. P.305 unfettered by the privilege . . ." *Commonwealth v. Cacek, supra.* (emphasis supplied)

Although *Cacek* is not couched in constitutional language, we consider its holding entirely consistent with both *PAAR* and *Ritchie*. While the sexual assault victim-counselor privilege is absolute, it may

being counseled by the counselor as to any confidential communication made by the victim to the counselor as to any advice, report or working paper given or made in the course of the consultation."

be waived by the victim. In the event that the commonwealth were to obtain reports or other evidence which are the subject of this privilege, then the dictates of rule 305 would apply and in camera review by the trial judge should be conducted consistent with *PAAR* and *Richie*. Where the prosecution possesses *Brady* material, it is duty-bound to disclose. The commonwealth cannot disclose, however, what it does not have. Nor is the commonwealth under a duty to conduct an investigation on behalf of the defendant. As the attorney for the commonwealth so poignantly states:

"[E]xperience no less than reason confirms that frequently the commonwealth's interest in obtaining the confidential communications of a victim is the same as, not opposed to, defendant's." Commonwealth's memorandum at 2.

Accordingly, the defense request for disclosure of names and addresses of rape counselors, and any statements to them by the victim, is denied based upon the commonwealth's implicit representation that they possess no such material. Naturally, the commonwealth is under a continuing duty to disclose pursuant to Pa.R.Crim.P. 305D, and consistent with this opinion.

Defendant also asks the court to compel pretrial discovery of (1) statements of eyewitnesses, including the alleged victim; and (2) reports of police officers who investigated the incident which gave rise to the instant prosecution. The defense does not contend that disclosure of this material is required by either *Brady v. Maryland, supra,* or by the mandatory provisions of our discovery rule. Pa. R.Crim.P. 305B(1). Rather, the court is urged to

exercise its discretion in favor of pretrial disclosure pursuant to Pa.R.Crim.P. 305B(2).[8]

The commonwealth has conceded that the material at issue is discoverable. They contend, however, that the burden is on the defense to demonstrate why disclosure should be compelled.

Prior to the adoption of rule 305, a defendant was not entitled to pretrial discovery or inspection of witness statements in the possession of the commonwealth absent a showing of exceptional circumstances and compelling reasons. *Commonwealth v. Gee,* 467 Pa. 123, 354 A.2d 875 (1976). Now, the rule dictates that statements sought by defendant be "material to the preparation of the defense, and that the request [be] reasonable. . . ." Clearly, the burden is not upon the commonwealth to disprove materiality or the reasonableness of the request.

It is well-settled that the prosecution must make available to the accused a witness' pretrial statement or report after the witness has testified at trial

---

8. "(2) Discretionary with the court: In all court cases, except as otherwise provided in rule 263 (disclosure of testimony before investigating grand jury), if the defendant files a motion for pretrial discovery, the court may order the commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

"(a) the names and addresses of eyewitnesses;

"(b) all written or recorded statements, and substantially verbatim oral statements, of eyewitnesses the commonwealth intends to call at trial;

"(c) all written or recorded statements, and substantially verbatim oral statements, made by co-defendants, and by co-conspirators or accomplices, whether such individuals have been charged or not;

"(d) any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice."

on direct examination. *Commonwealth v. Rines*, 247 Pa. Super. 429, 372 A.2d 901 (1977). It is equally well-settled that no distinction is made between police and civilian witnesses. *Commonwealth v. Rines, supra; Commonwealth v. Swierczewski*, 215 Pa. Super. 130, 257 A.2d 336 (1969). Reciprocal disclosure of a defense witness' pretrial statement is compelled by *Commonwealth v. Brinkley*, 505 Pa. 442, 480 A.2d 980 (1984). These are, however, *evidentiary rules* designed to afford to a party the opportunity to effectively cross-examine an adverse witness by exposing inconsistencies between pretrial statements and trial testimony. They are not rules of discovery.

Our case law provides meager guidance to trial courts confronted with the question of when to grant pretrial discovery under rule 305B(2). In *Commonwealth v. Thiel*, 323 Pa. Super. 92, 470 A.2d 145 (1983), Superior Court cited with approval a portion of the comment to that rule when it declared:

"In exercising its discretion to grant or deny a request for discretionary discovery, the court is to be guided by the following principle of the ABA standards relating to discovery and procedure before trial, § 1.2 (Approved Draft, 1970): "In order to provide adequate information for informed pleas, expedite trials, minimize surprise, afford opportunity for effective cross-examination, and meet the requirements of due process, discovery prior to trial should be as full and free as possible consistent with the protection of persons, effective law enforcement, the adversary system, and national security." Pa.R.Crim.P. 305 comment.

Clearly, the statements of a rape victim to police officers and to prosecutorial officials are material to the issues in this case, and the defendant's request

for their disclosure to him is eminently reasonable. Contrary to the commonwealth's contention, defendant has not asserted that he would be prejudiced by non-disclosure, nor need the defendant make such a showing. We are convinced that defense access to these statements would indeed enhance trial preparation, and that it would assist the accused and counsel in making an informed plea. We are also satisfied that such disclosure will potentially eliminate, or at least reduce, some trial delay.

The statement of one Harold Wilson is another matter. Defense counsel concedes that Wilson is arguably not an eyewitness, and counsel articulates no specific reasons for why any statement by him should be disclosed.

Accordingly, the commonwealth shall allow defendant's attorney to inspect and copy any written or recorded statements, or substantially verbatim oral statements of the victim. To the extent such statements appear within investigative or police reports or narratives, the commonwealth may properly redact prior to making the required disclosure all matter which does not constitute statements of the victim.

Consistent with the foregoing, the commonwealth shall not be required to make a wholesale transfer in advance of trial of its investigative file, nor of any police report, except to the extent that they contain statements of the victim. The request for police reports would appear to be pursuant to the "any other evidence" provision of rule 305B(2)(d). For discovery to be compelled under that portion of the rule, the defense must demonstrate not only materiality and reasonableness. They must also satisfy the court that "disclosure would be in the interests of justice."

Notwithstanding the breadth of "interests of jus-

tice" language, we believe the defense must make a clear showing of need, and that the scope of such a request may not exceed such need. Here, counsel has done no more than to ask rhetorically:

"Eventually, when the officers testify in this case, defendant's attorney will be permitted to examine such reports. Why should he not be entitled to examine them prior to trial?" Memorandum in support of motion to compel production of documents at 6.

Defense counsel fails to identify any specific items or subjects of inquiry which might be yielded by access to the "police reports" he seeks. Rule 305 does not declare open season on the commonwealth's investigative file. A defendant's right to disclosure is not unlimited. See *Commonwealth v. Checca,* 341 Pa. Super. 480, 491 A.2d 1358 (1985).

Although his pretrial request for police reports will be denied, defendant may if he chooses, renew his request at the appropriate time during trial.

## ORDER

And now, February 26, 1988, defendant's motion to compel production of documents is granted in part and denied in part, consistent with the foregoing opinion.

It is so ordered.