James Edward **MALADY**, Jr., Movant–Appellant,

v.

**STATE** of Missouri, Defendant–Respondent.

No. 15260.

Missouri Court of Appeals, Southern District, Division Two.

March 24, 1988.

Motion for Rehearing or to Transfer Denied April 13, 1988.

Susan L. Hogan, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

**FLANIGAN, Judge.**

Movant James E. Malady, Jr. appeals from the trial court's order, entered after evidentiary hearing, overruling his Rule 27.26 [1] motion to set aside a judgment and sentences for burglary and stealing. The convictions, based on a jury verdict, were affirmed by this court. *State v. Malady,* 672 S.W.2d 171 (Mo.App.1984).

Movant's first point is that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, because movant's counsel at the jury trial rendered movant ineffective assistance of counsel "by failing to conduct a proper and adequate voir dire of the jury panel, which prejudiced movant by denying movant a full panel of jurors objectively demonstrated as qualified from which to make his peremptory strikes, since trial counsel failed to ask any questions designed to draw out bias or prejudice on the part of any of the potential jurors."

Appellate review in this proceeding is limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.-26(j); *Futrell v. State,* 667 S.W.2d 404, 405 (Mo. banc 1984).

> "In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced."

*Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987).

In support of the foregoing proposition, the court in *Sanders* relied upon *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), and *Seales v. State,* 580 S.W.2d 733, 736 (Mo. banc 1979). The court, in *Sanders,* also said, at 857:

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R. Rule 27.26 was repealed, effective January 1, 1988, by order of the Supreme Court of Missouri, and new rules were adopted in lieu thereof. On the instant appeal, post-conviction relief continues to be governed by the provisions of Rule 27.26, because the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was then pending. See Rule 29.15(m), effective January 1, 1988.

"A criminal defendant must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim. In reviewing such a claim, courts are not required to consider both prongs; if a defendant fails to satisfy one prong, the court need not consider the other. And, a court need not determine the performance component before examining for prejudice. If it is easier to dispose of the claim on the ground of lack of sufficient prejudice, the reviewing court is free to do so." (Emphasis in original.)

In connection with its discussion of the "performance prong," the Court in *Strickland* said, 104 S.Ct. at 2065: "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"

In its discussion of the "prejudice prong," the Court in *Strickland* said, at 2068: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." The Court also said, at 2069: "[A] court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors."

In the instant proceeding the trial court found that movant failed to meet either the performance prong or the prejudice prong of the *Strickland* test. For the reasons which follow, this court agrees with those findings.

 The transcript of the jury trial, including the voir dire examination of the veniremen, was received into evidence at the motion hearing. At the jury trial, the judge asked several questions of the veniremen, including questions designed to elicit any statutory disqualification to serve as a juror, relationship to the burglary victim, and knowledge of the offense on trial. After the trial judge completed his interrogation of the veniremen, the prosecutor informed the court that he had read questionnaires which had been filled out by each of the veniremen and did not need to "ask a single question of them."

Movant's trial counsel, Raymond Klemp, then interrogated the veniremen individually and obtained information from them concerning their respective backgrounds. That portion of Mr. Klemp's voir dire examination occupies 26 pages of the jury trial transcript. Mr. Klemp then directed some questions to the veniremen as a group and no unfavorable response was received.

At the hearing on the motion Mr. Klemp, called as a witness by movant, testified that he had "done much examination and history about the people on that jury weeks before the trial." Mr. Klemp, whose office was in a nearby county, also said that he had discussed the list of veniremen with two local attorneys who had practiced many years in the county where the trial was held. He also discussed with them the information contained in the questionnaires. The two local attorneys gave Mr. Klemp their advice concerning the "potential jurors and what their inclination would be concerning a criminal case." The two lawyers told Mr. Klemp it was a "pretty good jury."

Mr. Klemp also testified that he concluded not to conduct "a long siege of questioning on voir dire," and that one factor in that decision was that the prosecutor had posed no question to the veniremen. Mr. Klemp testified that he "felt fairly comfortable about [his] knowledge of the jurors." With regard to his questioning of the veniremen individually, Mr. Klemp said: "There was one-on-one contact between me and each of the jurors I talked to, and I certainly had the opportunity to observe them as they responded back to me.... I felt they were qualified jurors and I have no reason today to feel otherwise."

Significantly, although movant's counsel in this proceeding argues that several questions should have been propounded to the veniremen, movant adduced no evidence of

what the answer of any veniremen would have been to any of the omitted questions.

"Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland v. Washington*, supra, 104 S.Ct. at 2066. Rarely will a strategic decision of trial counsel be declared so unsound that it constitutes ineffective assistance of counsel. *Brayfield v. State*, 738 S.W.2d 579, 582 (Mo.App.1987); *Porter v. State*, 682 S.W.2d 16, 19 (Mo.App. 1984).

■ The method of conducting a voir dire examination is usually a matter of trial strategy lying within the sound discretion of trial counsel. *Magwood v. Smith*, 791 F.2d 1438 (11th Cir.1986); *Com. v. Fudge*, 20 Mass.App. 382, 481 N.E.2d 199 (1985); *Stover v. State*, 674 P.2d 566 (Okla.Cr. 1984). Any alleged dereliction of counsel with respect to voir dire examination must, of course, satisfy the *Strickland* test. *Sanders v. State*, supra; *Straight v. Wainwright*, 772 F.2d 674 (11th Cir.1985); *Bell v. State*, 489 So.2d 667 (Ala.Cr.App.1986); *Fisher v. State*, 736 P.2d 1003 (Okla.Cr. 1987).

Cases denying post-conviction relief on a prisoner's claim that trial counsel conducted an inadequate voir dire examination include *Johnson v. State*, 502 So.2d 877 (Ala. Cr.App.1987); *Com. v. Fudge*, supra; *Fisher v. State*, supra; and *State v. Menn*, 668 S.W.2d 671 (Tenn.Cr.App.1984), and in each of those cases the court pointed out that the prisoner made no showing of what a venireman's response would have been to the unasked question or questions. See, generally, 3 A.L.R.4th 601 (adequacy of defense counsel's representation—criminal jury trial), § 12, 633–639, ("poor voir dire.") Other cases denying claims of ineffective assistance of counsel, based on allegedly inadequate voir dire examination, include *Liles v. State*, 702 P.2d 1025, 1035[20, 21] (Okla.Cr.1985); *Anguiano v. State*, 706 S.W.2d 759, 761–762 (Tex.App.1986); *Price v. State*, 726 S.W.2d 611, 614[8] (Tex.App. 1987); *Suniga v. State*, 733 S.W.2d 594, 600[11–15] (Tex.App.1987); and *Com. v. Cacek*, 517 A.2d 992, 995[6] (Pa.Super. 1986).

The trial court found that Mr. Klemp's voir dire examination of the jury "was not outside the range of reasonable professional assistance." The trial court also found: "Movant has failed to meet his burden of establishing prejudice as a result of the limited voir dire examination. Movant alleges that trial counsel failed to ask questions which would have elicited challenges for cause. However, movant introduced no evidence to support that allegation. Movant did not call any of the veniremen from the original trial. Movant did not establish that any of these [veniremen] would have provided answers to any questions which would have resulted in their exclusion as jurors.... No prejudice has been proven as a result of the limited voir dire examination. There is no evidence to conclude other than that movant received a trial by 12 and impartial jurors."

The foregoing findings of the trial court are not clearly erroneous and indeed are fully supported by the record. Movant's first point has no merit.

■ Movant's second point is that the trial court erred in denying his oral motion, made during the course of the hearing on the Rule 27.26 motion, for a continuance in order that movant could present the testimony of two inmates of the Missouri penitentiary. The felonious duo would have testified, so movant claims, that one Tingle, a witness for the state at the jury trial, testified falsely.

At the jury trial Tingle, who implicated defendant and himself in the burglary and stealing, denied that he had any "deal" with the prosecutor with regard to the charges against Tingle in exchange for Tingle's testimony against movant. Movant claims that the two inmates would have testified that Tingle told them that he had such a deal with the prosecutor.

As the excellent brief of the state points out, there are independent reasons why movant's second point is unsound.

Neither of the two inmates was listed in that portion of the form, on which movant submitted his Rule 27.26 motion, which called for the listing of the names and

addresses of movant's witnesses. See Rule 27.26(c). Rule 65.03 requires an application for a continuance to be made by a written motion and movant's application was oral. Moreover, the application failed to comply with Rule 65.04 which lists the requirements for an application for a continuance on account of the absence of a witness. In the absence of compliance with Rule 65.04, there can be no abuse of discretion in the denying of an application for a continuance. *Darr v. State*, 723 S.W.2d 455, 457 (Mo. App.1986); *Phillips v. State*, 639 S.W.2d 270, 275–276[9] (Mo.App.1982).

An even more basic reason justifying the action of the trial court in denying the application for a continuance is found in *State v. Rutledge*, 317 S.W.2d 365, 367[8] (Mo.1958). There the supreme court said: "[Evidence serving] to impeach the credibility of a witness [is] insufficient for a new trial based on the ground of newly discovered evidence.... A fortiori, it should be considered insufficient for vacating a judgment under Rule 27.26." Thus the testimony of the two inmates, if produced, would have had no significance. Movant's second point has no merit.

The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.