Commonwealth *vs*. Michael Barrows.

Suffolk.    January 9, 1984. — May 10, 1984.

Present: Hennessey, C.J., Abrams, Nolan, Lynch, & O'Connor, JJ.

*Practice, Criminal,* Challenge of jurors, Empanelling of jury.

Failure of the defendant, during jury selection in a criminal case, to object
to the judge's requiring that the right of peremptory challenge be exer-
cised at the time each juror was declared indifferent precluded appellate
review of the propriety of the judge's following this procedure, rather
than that described in Rule 6 of the Superior Court (1974) which would
have permitted the exercise of peremptory challenges at one time after
all jurors had been seated. [783-784]

Indictment found and returned in the Superior Court De-
partment on August 14, 1981.

The case was tried before *Griffin,* J.

After review was sought in the Appeals Court, the Supreme
Judicial Court ordered direct appellate review on its own initia-
tive.

*Robert I. Warner* for the defendant.

*Ellen M. Donahue*, Assistant District Attorney, for the Com-
monwealth.

Nolan, J. The sole issue in this case is the propriety of the
trial judge's decision to require the Commonwealth and the
defendant to exercise their peremptory challenges after each
juror was declared indifferent. The defendant contends that he
had a right to an empanelling process by which he could exer-
cise all his peremptory challenges at one time after the fourteen
jurors had been seated. There was no reversible error.

The defendant, while a prisoner, was found guilty of assault
and battery on a correction officer and sentenced. Prior to trial,
the defendant asked the judge to propound special questions
to the prospective jurors in addition to those concerning rela-

tionship, interest, opinion, and bias to which the statute speaks.
G. L. c. 234, § 28.[1] The judge allowed in part the defendant's
request and after a communal interrogation as to relationship,
interest, opinion, and bias, she called the prospective jurors
one by one and asked three additional questions to uncover
any bias or prejudice that might have remained hidden after
the initial interrogation.[2] These additional questions derive from
the second paragraph of G. L. c. 234, § 28.

On the first day, three members of the jury panel were
examined individually. The first was accepted, the second was
excused by the judge, and the third was challenged by the
defendant. At the close of the first day, the defendant asked
the judge to change the system of empanelling to permit all
prospective jurors who had been declared indifferent to be
seated and then, when all fourteen were selected, to permit
the exercise of peremptory challenges. The judge indicated
that she would probably continue to use the method which she
had adopted during the first day, although she said that she
might change her mind overnight. On the following morning,
the defendant did not renew his request, nor object to the
continuation of the practice of asserting the challenge at the
moment when the judge declared the juror indifferent. The
judge continued the system of the previous day until fourteen
unchallenged jurors were seated. The defendant had exercised
his entire quota of challenges (in this case he was permitted

[1] General Laws c. 234, § 28, as amended by St. 1975, c. 335, provides
in part: "Upon motion of either party, the court shall, or the parties or their
attorneys may under the direction of the court, examine on oath a person
who is called as a juror therein, to learn whether he is related to either party
or has any interest in the case, or has expressed or formed an opinion, or
is sensible of any bias or prejudice, therein; and the objecting party may
introduce other competent evidence in support of the objection. If the court
finds that the juror does not stand indifferent in the case, another shall be
called in his stead."

[2] The questions in substance were: (1) Would the fact that the defendant
was an inmate at the time of the alleged offense affect the juror's ability
to decide the case fairly and impartially? (2) Whether the juror or any
member of the juror's family or a person close to the juror was employed
by any police, law enforcement or correction agency? (3) Would the fact
that the defendant is black and the correction officers involved are white
affect his ability to decide the case fairly and impartially?

to challenge six because of the two additional jurors, though he was not entitled to this number of challenges as of right, see *Commonwealth* v. *McColl,* 375 Mass. 316, 322 [1978]) and only one prospective juror was called after the defendant had used his sixth challenge. In all, the judge queried twenty-four prospective jurors.

The defendant points to Rule 6 of the Superior Court (1974), set forth in the margin,[3] and insists that a trial judge is required under pain of reversal to use that method. We agree with the defendant that rule 6 requires an empanelling procedure consistent with his request. However, on the second morning when the judge resumed the empanelling process in the manner in which she had started on the previous day, the defendant did not object. The defendant will not be heard to argue futility in raising anew the issue or in objecting because the judge left the question open on the previous afternoon when she said, "I will leave it that way, unless overnight I should change my mind. I reserve the right to change my mind, but as of the moment, I like our system better." It is elementary that an objection is required to preserve appellate rights absent a showing of a miscarriage of justice. *Commonwealth* v. *Pires,* 389

---

[3] Rule 6 of the Superior Court provides: "The procedure in the matter of peremptory challenges of jurors, except in an indictment for a crime punishable by death, shall be as follows, unless specially otherwise ordered in a particular case. The jurors shall first be called until the full number is obtained. If any examination on oath of the jurors is required, it shall be made, and any challenge for cause shall be acted on, and if any jurors shall be excused others shall be called to take their places. When it has been determined that all the jurors stand indifferent in the case, each plaintiff shall at one time exercise his right of peremptory challenge as to such jurors, and after others have been called to take the places of those challenged, and it has been determined that they stand indifferent in the case, shall at one time exercise his right of challenge of such others, and so on until he has exhausted his right of peremptory challenge or has ceased to challenge. Each defendant shall then exercise his right in the same manner. Each plaintiff, if his right of peremptory challenge has not been exhausted, shall then again exercise his right in the same manner, but only as to jurors whom he has not already had opportunity to challenge; and the parties shall likewise exercise the right in turn, until the right of peremptory challenge shall be exhausted or the parties shall cease to challenge. No other challenging, except for cause shown, shall be allowed."

Mass. 657, 664 (1983). There has been no miscarriage of justice. Accordingly, we leave the result undisturbed.

We hasten to add, however, that the result which we reach should not be deemed to be approval of the method of empanelling used here. Rule 6 is unambiguous in its direction and it allows an exception only in a trial of an indictment for a capital crime or in case in which a judge "specially otherwise ordered." Neither exception is present here. The language of rule 6 is obligatory and, therefore, must be followed.

*Judgment affirmed.*