## COMMONWEALTH vs. VALERIE BROWN.

Dukes County. April 1, 1985. — August 8, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Jury and Jurors. Practice, Criminal,* Challenge to jurors. *Superior Court. Rules of the Superior Court.*

At a criminal trial it was reversible error for the judge to depart from the procedure prescribed by Rule 6 of the Rules of the Superior Court (1974) by requiring the defendant to exercise her peremptory challenges before the full number of jurors was obtained. [606-607]

INDICTMENTS found and returned in the Superior Court Department on September 21, 1981.

The cases were tried before *John T. Ronan,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Richard Zorza (Thomas Herbert* with him), Committee for Public Counsel Services, for the defendant.

*Charles A. Morano,* Special Assistant District Attorney, for the Commonwealth.

NOLAN, J. After a jury trial, the defendant was found guilty on ten counts of an indictment charging her with receiving stolen property, and on an indictment charging her with larceny of property over one hundred dollars in value. She appealed, and we transferred the case to this court on our own motion. The defendant claims that the trial judge's failure to comply with the strictures of Superior Court Rule 6, which pertains to the process of empanelling a jury, requires that we reverse her convictions. The defendant also argues that certain aspects of the judge's instructions to the jury constitute reversible error, including (1) his failure properly to instruct the jury concerning the differences between the crimes of receiving stolen property and larceny; (2) the judge's refusal to give requested instruc-

tions on evidence and identification issues; and (3) his instruction on the meaning of the phrase "reasonable doubt." For the reasons set forth below we reverse the convictions because of the error in the empanelling process. Therefore, we find it unnecessary to reach the issue of jury instructions or to recite the facts which formed the basis of the indictments.

The judge began the process of empanelling a jury by addressing the venire, commenting generally on the nature of a criminal case and specifically addressing the problem of pretrial publicity. He then directed questions to the fourteen-member panel as a whole, and excused several members of the panel after further questioning these individuals. After questioning potential substitutes, the judge filled out the panel and found it indifferent.

The judge asked the members of the panel to state their occupations and those of their spouses, replacing one member on the basis of follow-up questions to an earlier response. The judge granted the defendant an additional peremptory challenge. At the defendant's request, the judge read the names of the property owners involved in the case. Subsequently, the judge excused another member of the panel.

The Commonwealth exercised two peremptory challenges, passing on the remaining potential jurors. The judge then asked defense counsel to "pass on these ten."[1] The defendant exercised four peremptory challenges. Three new potential jurors were called. The judge excused one of these three. Noting that the pool of potential jurors had been exhausted, the judge instructed the Commonwealth to pass upon the two new members of the panel. The Commonwealth declared itself content, and the court recessed for the day.

The following day, defense counsel called the court's attention to a Superior Court rule which he described as requiring that "first the Commonwealth goes until they are content, and then it switches to the defense." Defense counsel acknowledged that he had failed to object to the procedure on the previous

---

[1] It appears from the record, however, that at this point the panel consisted of twelve potential jurors.

day. The judge decided to treat the objection to the jury selection as timely, and overruled the objection. The judge described the procedure being employed as analogous to an "individual voir dire" in a capital case.

Four potential jurors from the new venire were seated and found indifferent. At this point, the judge granted the defendant a second additional peremptory challenge. The defendant challenged one potential juror. The Commonwealth and then the defendant indicated contentment with the panel. The defendant did not exercise one of the six peremptory challenges that she was granted.

The defendant argues that the procedure outlined above was not in compliance with Rule 6 of the Rules of the Superior Court (1974), and that the judge's failure to follow the procedure set forth in the rule constituted reversible error. We agree.

The Superior Court has the power to make rules "consistent with law, for . . . conducting the business" of the court. G. L. c. 213, § 3. "Rules of court have the force of law and may not be disregarded by an individual judge." *Empire Apartments, Inc.* v. *Gray*, 353 Mass. 333, 337 (1967). *Kaufman* v. *Buckley*, 285 Mass. 83, 86 (1933), and cases cited. "Rules of procedure are not just guidelines. Their purpose is to provide an orderly, predictable process by which parties to a law suit conduct their business." *USTrust Co.* v. *Kennedy*, 17 Mass. App. Ct. 131, 135 (1983). See *Commonwealth* v. *Cooper*, 356 Mass. 74, 79 (1969). "[R]ules of court are designed primarily to accomplish the ends of justice, protect rights, serve the convenience of litigants and implement the substantive law." *Albermont Petroleum, Ltd.* v. *Cunningham*, 186 Cal. App. 2d 84, 91 (1960). Requiring courts to abide by their own rules is supported by the fundamental principle of justice that the law must treat persons similarly situated uniformly. K. Llewellyn, The Bramble Bush 43 (1960). Adherence to rules promotes consistency, decreases disparate treatment and serves as a basic procedural framework for fairness. Thus, the requirements of rule 6 must be followed.[2] See *Commonwealth* v. *Barrows*, 391 Mass. 781, 784 (1984).

[2] Rule 6 of the Rules of the Superior Court (1974) provides as follows: "*Peremptory Challenges of Jurors.* The procedure in the matter of

If the Superior Court is not satisfied with rule 6, it may seek our approval of a new rule. Until changed, the rule is entitled to compliance. We think that the defendant should not be required to prove prejudice in these circumstances. See *Commonwealth* v. *Soares*, 377 Mass. 461, 492, cert. denied, 444 U.S. 881 (1979).

The case is remanded to the Superior Court.

*Judgments reversed.*

*Verdicts set aside.*

---

peremptory challenges of jurors, except in an indictment for a crime punishable by death, shall be as follows, unless specially otherwise ordered in a particular case. The jurors shall first be called until the full number is obtained. If any examination on oath of the jurors is required, it shall be made, and any challenge for cause shall be acted on, and if any jurors shall be excused others shall be called to take their places. When it has been determined that all the jurors stand indifferent in the case, each plaintiff shall at one time exercise his right of peremptory challenge as to such jurors, and after others have been called to take the places of those challenged, and it has been determined that they stand indifferent in the case, shall at one time exercise his right of challenge of such others, and so on until he has exhausted his right of peremptory challenge or has ceased to challenge. Each defendant shall then exercise his right in the same manner. Each plaintiff, if his right of peremptory challenge has not been exhausted, shall then again exercise his right in the same manner, but only as to jurors whom he has not already had opportunity to challenge, and the parties shall likewise exercise the right in turn, until the right of peremptory challenge shall be exhausted or the parties shall cease to challenge. No other challenging, except for cause shown, shall be allowed."