COMMONWEALTH vs. KEITH BARTIE.

Suffolk.    October 21, 1986. — February 9, 1987.

Present: DREBEN, CUTTER, & FINE, JJ.

*Jury and Jurors. Practice, Criminal,* Challenge to jurors. *Superior Court. Rules of the Superior Court.*

At a criminal trial in which jury selection was controlled by G. L. c. 234A, § 74, it was not reversible error for the judge to depart from the procedure prescribed by Rule 6 of the Superior Court (1974) by permitting the Commonwealth to exercise a peremptory challenge against a juror whom it had "already had opportunity to challenge" where the defendant had not clearly made known to the judge the grounds for his objection and had not claimed that he had been "specially injured or prejudiced" by the judge's departure from the prescribed procedure. [479-482]

INDICTMENTS found and returned in the Superior Court Department on August 9, 1984.

The cases were tried before *Robert A. Mulligan,* J.

*Brownlow M. Speer,* Committee for Public Counsel Services, for the defendant.

*Robert N. Tochka,* Assistant District Attorney, for the Commonwealth.

DREBEN, J. The defendant's appeal from his convictions of armed robbery is based on *Commonwealth* v. *Brown,* 395 Mass. 604 (1985). That case held that if the procedure for the exercise of peremptory challenges to jurors set forth in Rule 6 of the Superior Court (1974) is not followed, over timely objection, there is reversible error. The defendant is not required to prove prejudice. *Id.* at 607. See *Commonwealth* v. *Barry,* 397 Mass. 718, 724 (1986).

In the case at bar, the Commonwealth, contrary to the procedure provided in rule 6[1] was permitted to exercise a peremptory

---

[1] Rule 6 provides: "The procedure in the matter of peremptory challenges of jurors, except in an indictment for a crime punishable by death, shall be

challenge against a juror whom the Commonwealth had "already had opportunity to challenge." See Smith, Criminal Practice and Procedure § 1720 (2d ed. 1983). Relying on *Commonwealth* v. *Brown, supra,* the defendant claims this failure to follow rule 6 entitles him to a reversal.

The first hurdle the defendant must face is that while he objected to the prosecutor's challenge, the record suggests that his objection was on entirely different grounds and that he did not clearly make known to the judge the grounds now asserted in his appeal. See *Commonwealth* v. *Barrows,* 391 Mass. 781, 783 (1984). The procedure prescribed by rule 6 was followed until the prosecutor voiced an objection to a juror whom he had not challenged at a prior bench conference. The prosecutor was concerned whether a fatal automobile accident mentioned in the juror's response to the usual questionnaire had involved a court case. When the judge suggested that all such accidents involve court cases, the prosecutor challenged the juror. Defense counsel objected, saying, "Again, looking at the jury, it would appear that there are now two black males now on the jury. One of those black males is the person sitting in Seat No. 1, Juror 06-6. If the District Attorney had concerns about what was written down on his questionnaire, they were available to us prior and it could have been brought up earlier."

---

as follows, unless specially otherwise ordered in a particular case. The jurors shall first be called until the full number is obtained. If any examination on oath of the jurors is required, it shall be made, and any challenge for cause shall be acted on, and if any jurors shall be excused others shall be called to take their places. When it has been determined that all the jurors stand indifferent in the case, each plaintiff shall at one time exercise his right of peremptory challenge as to such jurors, and after others have been called to take the places of those challenged, and it has been determined that they stand indifferent in the case, shall at one time exercise his right of challenge of such others, and so on until he has exhausted his right of peremptory challenge or has ceased to challenge. Each defendant shall then exercise his right in the same manner. Each plaintiff, if his right of peremptory challenge has not been exhausted, shall then again exercise his right in the same manner, but only as to jurors whom he has not already had opportunity to challenge, and the parties shall likewise exercise the right in turn, until the right of peremptory challenge shall be exhausted or the parties shall cease to challenge. No other challenging, except for cause shown, shall be allowed."

The judge responded that the "first opportunity a lawyer has . . . to look at those questionnaires and really read what is contained on the questionnaire is when that person is actually called from the venire and seated in the jury." Defense counsel then said, "I would object to this juror being excused, and I do so because of racial problems involved." After the judge allowed the challenge "based upon the reason stated by the Commonwealth," defense counsel asked that his "objection*s*" be noted (emphasis supplied).[2]

Despite the use of the plural of the word "objection," heavily relied upon by the defendant, it does not appear that the violation of rule 6 was made evident to the judge. See Mass.R.Crim. P. 22, 378 Mass. 892 (1979).

Even if the defendant's objection had been properly taken, his claim must be rejected. Unlike *Commonwealth* v. *Brown,* where the trial took place in the County of Dukes County and jury selection was governed by G. L. c. 234, § 32, jury selection in this case is controlled by G. L. c. 234A, inserted by St. 1982, c. 298, § 1, made applicable to the defendant's trial in Suffolk County by order of the Supreme Judicial Court dated January 10, 1983. See G. L. c. 234A, § 1, authorizing such designations by the Supreme Judicial Court. Section 74 of G. L. c. 234A set forth in the margin,[3] provides that any irregularity in challenging jurors shall not be sufficient to set aside a verdict unless there is a timely objection "*and* unless the objecting

---

[2] The defendant in this court makes no claim of an improper use of peremptory challenges based on racial grounds, and we do not consider such a claim. See *Commonwealth* v. *Soares,* 377 Mass. 461, cert. denied, 444 U.S. 881 (1979). Apparently some accommodation was made to seat another black juror.

[3] General Laws c. 234A, § 74, inserted by St. 1982, c. 298, § 1, provides in part: "any irregularity in compiling any list of jurors or prospective jurors; or any irregularity in qualifying, selecting, summoning, confirming, post-poning, excusing, cancelling, instructing, impanelling, challenging, discharging, or managing jurors; . . . or any defect in any procedure performed under this chapter shall not be sufficient to cause a mistrial or to set aside a verdict unless objection to such irregularity or defect has been made as soon as possible after its discovery or after it should have been discovered and unless the objecting party has been specially injured or prejudiced thereby."

party has been specially injured or prejudiced thereby" (emphasis supplied). No claim of prejudice is here made.

The statute in *Commonwealth* v. *Brown,* G. L. c. 234, § 32, provides: "No irregularity in . . . [the] impanelling of jurors shall be sufficient to set aside a verdict, unless the objecting party has been injured thereby *or* unless the objection was made before the verdict" (emphasis supplied). *Commonwealth* v. *Brown* is, therefore, not controlling.

General Laws c. 234A, § 74, lists irregularities in jury selection, and in contrast to G. L. c. 234, § 32, the statute applicable in the *Brown* case, requires that there be both an objection *and* special injury or prejudice before a verdict can be set aside on those grounds. While we caution that rule 6 remains obligatory, the paramount mandate of G. L. c. 234A, § 74, governs here.[4]

*Judgments affirmed.*

---

[4] Our reliance on G. L. c. 234A, § 74, makes it unnecessary for us to consider whether the judge, having in effect determined that the prosecutor had not had a reasonable opportunity to study the juror's response to the questionnaire, had discretion to allow the late challenge. We note, in this connection, that the purpose of the rules, as pointed out in *Commonwealth* v. *Brown,* 395 Mass. at 606, is to " 'accomplish the ends of justice.' " See also Mass.R.Crim.P. 2(a), 378 Mass. 844 (1979).