## COMMONWEALTH vs. GRACE ROMERO.

No. 87-380.

Suffolk. October 9, 1987. — November 12, 1987.

Present: ARMSTRONG, DREBEN, & KASS, JJ.

Perjury. Fraud. Elections, Fraud. Jury and Jurors. Practice, Criminal, Deliberation of jury.

The evidence at a criminal trial was sufficient to allow the jury to infer and to find beyond a reasonable doubt that the defendant, while a candidate for reelection to public office, had been a party to the falsification of names on her nomination papers, had knowingly and falsely sworn to the genuineness of signatures, and had knowingly and falsely sworn that she herself had circulated all the nomination papers, and that those falsifications were material. [52]

Although, when permitting the jury deliberating a criminal case to take a luncheon recess, the judge, as contemplated by Mass.R.Crim.P. 20 (e) (3), should have reminded them not to discuss the case during the time they were not formally deliberating and should have required them to reconvene in the courtroom before resuming their deliberations, the judge's unobjected-to instructions, merely setting the time for the recess and directing the jurors to resume their deliberations afterward, created no substantial risk of a miscarriage of justice. [52-54]

INDICTMENTS found and returned in the Superior Court Department on August 26, 1985.

The cases were tried before James P. Donohue, J.

Willie J. Davis for the defendant.

Robert J. McKenna, Jr., Assistant District Attorney, for the Commonwealth.

KASS, J. To establish herself as a candidate for reelection to the school committee of Boston, Grace Romero filed nomination papers which the Commonwealth, in four indictments, alleged to be false and perjurious. See G. L. c. 56, § 11, and G. L. c. 268, § 1A. A jury returned a verdict of guilty on each indictment. (As to the sixth count of one of the indict-

ments, there was a verdict of not guilty.) After discharge of the jury, the defendant moved that the verdict be set aside and that the court enter a required finding of not guilty by reason of insufficient evidence. Mass.R.Crim.P. 25(b)(2), 378 Mass. 896 (1979).

The first of two claims of appeal is from the denial of that motion. We have reviewed the record and are satisfied that the evidence received allowed the jury to infer, and to find beyond a reasonable doubt, that the defendant had been a party to the falsification of names on the nomination papers, knowingly had falsely sworn to the genuineness of the signatures, knowingly had falsely sworn that she herself had circulated all the nomination papers, and that those falsifications were material. The evidence the jury could have considered in reaching their verdicts included: a pattern of address sequences on the nomination papers in alphabetical order, as they appeared on registered voter lists, i.e., the sequence of addresses on the papers bore no relation to the geography of the streets within the precinct in which the papers were purportedly walked around; testimony by persons whose names appeared on the nomination papers that they had not signed them and that the handwriting in which their names appeared was not theirs; the signing on the nomination papers by two persons whose names appeared on the registered voter list, but who had died before the date on which they purportedly signed the nomination petition; testimony by a handwriting expert that a great many names on the petitions filed by Romero appeared to have been written by the same person; and testimony by the handwriting expert that characteristics of some of the handwriting of persons listed as having signed the nominating papers resembled characteristics of the defendant's handwriting.

A second ground of appeal is that the trial judge failed, on the last day of the jury's deliberations, to comply with Mass.R.Crim.P. 20(e)(3), 378 Mass. 892 (1979), which provides: "After final submission of the case to the jury and after deliberations have commenced, the judge may allow the jurors, under proper instructions, to separate for a definite time to be fixed by the judge and to reconvene in the courtroom before

retiring for further deliberation of their verdict." The case had been given to the jury for deliberation on November 13, 1986. By 5:15 P.M. the jury had not arrived at a verdict, and they were permitted to separate (i.e., to go home) until the following morning at 10:00 A.M., with instructions that they were not to talk about the case with anyone.

On the next day, November 14th, the jury were welcomed by the judge at 10:11 A.M. and instructed to resume their deliberations. The judge told the jurors that, if they had not arrived at verdicts 12:50 P.M., they were to go for lunch and then be back "at 2 o'clock to pick up your deliberations then." The judge then inquired: "Okay?" Counsel, who were present in the courtroom, did not object to the instructions given the jury.

In the absence of objection by the defense at trial, we consider the issue put by the defendant solely on a "substantial risk of a miscarriage of justice" standard. *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967). *Commonwealth* v. *Waters*, 399 Mass. 708, 714-715 (1987). Precisely in that sense, the case differs from *Commonwealth* v. *Brown*, 395 Mass. 604 (1985), upon which the defendant heavily relies. There a trial judge disregarded Rule 6 of the Superior Court (which has to do with empanelling a jury) in the face of a request by the defendant that the rule be followed. In a literal sense, in the instant case there was a failure to adhere to rule 20(e)(3) in two respects.

First, the judge is to allow the jury to separate on "proper instructions." Here the only instruction was that they should come back from lunch and resume their deliberations. Particularly during deliberations, "proper instructions" to jurors who are about to separate should include a reminder that the jury ought not to discuss the case among themselves or with any third person during the time they are not formally deliberating. Such an instruction had, as noted above, been given to the jury on the previous evening.

Second, the rule prescribes that after separation the jury are to "reconvene in the courtroom before retiring for further deliberation of their verdict." Here the jury returned from lunch

directly to the jury room and their deliberations. The drafters of the rule apparently thought it appropriate, before the resumption of deliberations, to remind the jury of the gravity of their function by having them meet in the courtroom with the judge. The rule also achieves the salutary purpose of assuring that all the jurors have returned before deliberations begin again. Cf. *Commonwealth* v. *Davila*, 17 Mass. App. Ct. 511, 514 n.5 (1984). The rule ought to be followed, but, as in *Commonwealth* v. *Ford*, 20 Mass. App. Ct. 575, 579-580 (1985), *S.C.*, 397 Mass. 298 (1986), the mistakes do not warrant reversal of the verdict. There seems no risk of a miscarriage of justice.

As an example of the sort of mischief which may occur if the jury are not properly instructed about forbearing to discuss the case while separated, the defense points to an alleged conversation about the trial between a juror and a nonjuror during the lunch recess. The judge inquired of the juror whether a conversation had occurred, whom it was with, and what it was about. The judge satisfied himself that the conversation was not about the facts of the case or the jury's deliberations. On the basis of the juror's answers to the judge's questions, it was open to the judge so to find. The defense does not contend otherwise.

*Judgments affirmed.*