COMMONWEALTH *vs.* KEITH BARTIE. January 19, 1988. *Jury and Jurors. Practice, Criminal,* Challenge to jurors. *Superior Court. Rules of the Superior Court.*

The defendant was found guilty on two indictments for armed robbery. The Appeals Court affirmed the convictions. *Commonwealth* v. *Bartie,* 23 Mass. App. Ct. 479 (1987). We also affirm.

The only issue in this case which we need decide is whether the defendant perfected his objection to the empanelling of a juror after the Commonwealth belatedly interposed a peremptory challenge.

Rule 6[1] of the Superior Court (1974) requires the Commonwealth, with exceptions not here material, to make its peremptory challenges after the jurors have been examined, after challenges for cause have been acted upon, after jurors have taken the place of those who have been excused, and after the jurors seated have been determined to be indifferent. After such peremp-

---

[1] Rule 6. "Peremptory Challenges of Jurors. The procedure in the matter of peremptory challenges of jurors, except in an indictment for a crime punishable by death, shall be as follows, unless specially otherwise ordered in a particular case. The jurors shall first be called until the full number is obtained. If any examination on oath of the jurors is required, it shall be made, and any challenge for cause shall be acted on, and if any jurors shall be excused others shall be called to take their places. When it has been determined that all the jurors stand indifferent in the case, each plaintiff shall at one time exercise his right of peremptory challenge as to such jurors, and after others have been called to take the places of those challenged, and it has been determined that they stand indifferent in the case, shall at one time exercise his right of challenge of such others, and so on until he has exhausted his right of peremptory challenge or has ceased to challenge. Each defendant shall then exercise his right in the same manner. Each plaintiff, if his right of peremptory challenge has not been exhausted, shall then again exercise his right in the same manner, but only as to jurors whom he has not already had opportunity to challenge; and the parties shall likewise exercise the right in turn, until the right of peremptory challenge shall be exhausted or the parties shall cease to challenge. No other challenging, except for cause shown, shall be allowed."

tory challenges have been made by the Commonwealth and after new jurors have replaced the challenged jurors, the defendant shall make his peremptory challenges.

In this case, the prosecution had allowed its time for peremptory challenges to pass and, after the defendant indicated his contentment with the jury, the prosecutor then voiced his concern to the judge, at a bench conference, about a seated juror's response on the juror's questionnaire regarding a fatal motor vehicle accident. He then made a peremptory challenge and the judge honored it. The defendant objected on grounds that the juror challenged was black and there remained only one black on the jury. The defendant said that the prosecutor could have discovered the information on the questionnaire while he still had time to interpose a peremptory challenge. Then defense counsel said that he objected "because of racial problems involved." After the judge allowed the Commonwealth's belated challenge, defense counsel asked that his *objections* be noted.

The defendant failed to record a proper objection. His objection, despite his argument on the significance of the plural form ("objections"), did nothing to call the judge's attention to rule 6. His was an objection exclusively on the ground that the racial composition of the jury was being tampered with in violation of principles of *Commonwealth* v. *Soares,* 377 Mass. 461, cert. denied, 444 U.S. 881 (1979). It was the defendant's obligation to set forth the appropriate basis for his objection which in this instance was rule 6.

*Judgments affirmed.*

*Brownlow M. Speer,* Committee for Public Counsel Services, for the defendant.

*David B. Mark,* Assistant District Attorney, for the Commonwealth.