## COMMONWEALTH *vs.* MICHAEL J. PTOMEY.

No. 88-P-181.

Plymouth. September 13, 1988. — October 17, 1988.

Present: GREANEY, C.J., KASS, & WARNER, JJ.

*Jury and Jurors. Practice, Criminal,* Challenge to jurors, Empanelment of jury. *Rules of the Superior Court.*

In the empanelment of jurors for the trial of a criminal case, the defendant was guaranteed, under rule 6 of the Superior Court (1974), the right to comparative choice in the exercise of peremptory challenges after the full number of jurors had been obtained, and, in the absence of special or exceptional circumstances expressly noted by the judge or apparent on the face of the record, the judge could not properly adopt an alternative procedure requiring the defendant to decide whether to exercise his peremptory challenge after each prospective juror had been declared indifferent. [494-495]

Where, in the empanelment of jurors for the trial of a criminal case, the judge, in disregard of rule 6 of the Superior Court (1974), required the defendant to decide whether to exercise his peremptory challenge after each prospective juror had been declared indifferent, instead of permitting the exercise of challenges after the full number of jurors had been obtained, prejudice to the defendant was assumed, notwithstanding the fact that the defendant had three unused peremptory challenges remaining at the conclusion of jury selection. [495-496]

INDICTMENT found and returned in the Superior Court Department on February 5, 1985.

The case was tried before *Chris Byron,* J.

*Chrystal Murray,* Committee for Public Counsel Services, for the defendant.

*Ellen M. Chiocca (Mary O'Sullivan Smith,* Assistant District Attorney, with her) for the Commonwealth.

GREANEY, C.J. A jury in the Superior Court convicted the defendant of statutory rape. He challenges the trial judge's order requiring the exercise of peremptory challenges after

each prospective juror had been declared indifferent. The defendant maintains that he had a right to the empanelling process provided for by Rule 6 of the Superior Court (1974),[1] which would require him to exercise his peremptory challenges only after the Commonwealth had exhausted its challenges for cause and then only in the manner prescribed by the rule. We agree and reverse the judgment of conviction.

The jury were empanelled according to the following procedure. The members of the venire were brought to the courtroom and sworn. The judge instructed the prosecutor and the defense counsel to introduce themselves and directed the defendant to stand and face the prospective jurors for the purpose of possible recognition. A list of witnesses was read, and the witnesses who were in the courtroom were specifically recognized. The Commonwealth and the defendant were each given fourteen peremptory challenges.[2]

---

[1] Rule 6 is entitled "Peremptory Challenges of Jurors." It is stated to be "Applicable to all cases" and reads as follows:

"The procedure in the matter of peremptory challenges of jurors, except in an indictment for a crime punishable by death, shall be as follows, unless specifically otherwise ordered in a particular case. The jurors shall first be called until the full number is obtained. If any examination on oath of the jurors is required, it shall be made, and any challenge for cause shall be acted on, and if any jurors shall be excused others shall be called to take their places. When it has been determined that all the jurors stand indifferent in the case, each plaintiff shall at one time exercise his right of peremptory challenge as to such jurors, and after others have been called to take the places of those challenged, and it has been determined that they stand indifferent in the case, shall at one time exercise his right of challenge of such others, and so on until he has exhausted his right of peremptory challenge or has ceased to challenge. Each defendant shall then exercise his right in the same manner. Each plaintiff, if his right of peremptory challenge has not been exhausted, shall then again exercise his right in the same manner, but only as to jurors whom he has not already had an opportunity to challenge; and the parties shall likewise exercise the right in turn, until the right of peremptory challenge shall be exhausted or the parties shall cease to challenge. No other challenging, except for cause shown, shall be allowed."

[2] Twelve challenges because the defendant was on trial for a crime punishable by imprisonment for life, see Mass.R.Crim.P. 20(c)(1), 378 Mass. 890 (1979), and two extra challenges under Mass.R.Crim.P. 20 (d)(1), 378 Mass. at 891, because two additional jurors were being empanelled.

The judge advised the members of the venire that he would collectively ask them a series of questions. The questions required by Mass.R.Crim.P. 20(b)(l), 378 Mass. 889 (1979), and some additional questions were then asked of the members of the venire. Upon completing this general inquiry, the members of the venire were excused after being told that the next phase of the empanelment process would involve individual questioning of prospective jurors.

The judge next called both the prosecutor and the defense counsel to the bench. He indicated that pursuant to rule 6 he was advising counsel of the next step in the empanelment process and of the manner in which their challenges would be exercised. First, the judge instructed counsel that he would propound certain questions to each juror. Because the case involved an allegation of interracial rape, some of the questions (based on the defendant's suggested questions) would deal with the issue of possible racial prejudice. See *Commonwealth* v. *Sanders*, 383 Mass. 637, 640-641 (1981); Mass.R.Crim.P. 20(b)(2), 378 Mass. 890 (1979). The judge told counsel that he would rule at the end of each individual inquiry whether he found the prospective juror to be indifferent. If he so found, each counsel (the prosecutor followed by defense counsel) would be required at that time to challenge for cause or, if no such challenge was made, to exercise any peremptory challenge. Any prospective juror not excused for cause or by means of a peremptory challenge would then become a member of the jury.

Both the prosecutor and defense counsel objected to this procedure. Defense counsel specifically argued that the proposed procedure violated the requirements of rule 6. The judge indicated that he was acquainted with the pertinent appellate decisions on rule 6 (to be discussed in more detail later) and that he was exercising what he perceived to be his authority under that part of the rule which allows a judge specially to order a different method of empanelment. Defense counsel's objection was overruled.

Empanelment continued on the juror-by-juror basis ordered, and challenges were made in accordance with the judge's di-

rective. Defense counsel ultimately exercised a total of eleven of his fourteen peremptory challenges.

1. Rule 6 prescribes the procedure in the Superior Court for the exercise of peremptory challenges to prospective jurors. It provides that the box be filled with the requisite number of indifferent jurors before any peremptory challenges are exercised, and that the defendant is not required to exercise any of his peremptory challenges until the prosecutor has made his challenges. The rule has the force of law and, accordingly, is to be strictly enforced. See *Commonwealth* v. *Brown*, 395 Mass. 604, 606-607 (1985). See also *Commonwealth* v. *Barrows*, 391 Mass. 781, 784 (1984).

The rule "allows an exception only in a trial of an indictment for a capital crime [see *Commonwealth* v. *Barry*, 397 Mass. 718, 723-726 (1986)] or in a case in which a judge [has] 'specially otherwise ordered.'" *Commonwealth* v. *Barrows*, *supra*. The judge in this case sought to invoke the latter exception, reasoning that if the rule has been held to be "unambiguous in its direction," *Commonwealth* v. *Barrows*, 391 Mass. at 784, the exception is equally unambiguous. In the judge's view, the words of the exception literally permit a different method of empanelment any time a judge chooses to so order.

The defendant's appellate counsel argues that a literal interpretation of the exception would make the rule virtually meaningless. She maintains that allowing a judge to select another method of empanelment in any case simply by making an order would grant a license to ignore the unequivocal mandate of the rule whenever a judge wants to do so for any reason. She asks us to conclude that such an interpretation is inconsistent with the *Barrows* and *Brown* decisions, which require strict adherence to the empanelment procedure designated by the rule.

We find the argument persuasive. Rule 6 is designed to protect the parties' right to full comparative choice in the selection of a jury by allowing them to exercise their peremptory challenges against the prospective jury viewed and evaluated as a whole. This right provides for the effective use of peremptory challenges in a manner superior to use of the chal-

lenges on a juror-by-juror basis. The "specially otherwise ordered" exception to the rule exists for the purpose of allowing some limited discretion to a judge to disregard the required empanelment process. The exception might apply if a judge wishes to expand the parties' rights beyond those provided for by the rule or (as the adverbial form of the word "special" appears to suggest) when a judge is confronted with a special or exceptional situation which may require deviation from the prescribed procedure.

The situation in this case was neither special nor exceptional. The rule does not contemplate its disregard simply because individual voir dire is involved. See Smith, Criminal Practice and Procedure § 1721 (Supp. 1988) ("The procedure that is followed in exercising peremptory challenges where there is individual questioning by the [j]udge is the same [under rule 6] as [is] used where there is group questioning"). See also *Commonwealth* v. *Barrows*, 391 Mass. at 783. Allowing such disregard would lead to the anomaly of a defendant who is fortunate enough to get the benefit of individual voir dire losing his right to exercise peremptory challenges on a comparative basis. The entire empanelment process in this case was relatively short and would not have been unreasonably extended had the procedure in rule 6 been followed. No reason justifying the disregard of the rule was stated, or is apparent from the record. We hold that an order specially directing an empanelment process contrary to the provisions of rule 6 is an order which cannot be upheld in the absence of special or exceptional circumstances which are expressly noted by the judge or clearly apparent on the face of the record. In this case, the appearance of such any circumstance is absent.

2. The jury selection in this case was controlled by G. L. c. 234A, inserted by St. 1982, c. 298, § 1, which was made applicable to the defendant's trial in Plymouth County by order of the Supreme Judicial Court dated December 12, 1984. See G. L. c. 234A, § 1. Section 74 of G. L. c. 234A provides that any irregularity in empanelling or challenging jurors shall not be sufficient to set aside a verdict unless there is a timely objection "and unless the objecting party has been specially in-

jured or prejudiced thereby." There was a proper objection made here. Thus, the final question to be decided is whether the fact that the defendant had three unused peremptory challenges establishes that he has not been prejudiced by the judge's order.

We conclude that prejudice exists. As has been indicated, rule 6 ensures, in mandatory terms, the right to full comparative choice in the exercise of peremptory challenges. That right promotes the goal of utmost fairness in the selection of a jury. Loss of that right by an unjustified disregard of rule 6 is final when another method of jury selection is used. The harm is not cured by the fact that a defendant has unused peremptory challenges at the conclusion of the empanelment process (which his counsel may have been hoarding for use against replacement jurors). This, we think, is the main point of the discussion of prejudice in *Commonwealth* v. *Brown*, 395 Mass. at 607. In *Brown*, rule 6 had been improperly disregarded, a timely objection had been made, and prejudice was assumed notwithstanding the fact that the defendant still possessed a peremptory challenge at the conclusion of jury selection. *Id.* at 606-607. By contrast, the lack of a proper objection to the use of a jury selection process different from the one called for by rule 6 has been considered a waiver of the right which may preclude the defendant from obtaining relief on appeal. See *Commonwealth* v. *Barrows*, 391 Mass. at 783-784 (rule 6 disregarded but no reversal because defendant failed to object and thereafter no showing of a miscarriage of justice; trial judges strongly cautioned to follow rule 6); *Commonwealth* v. *Bartie*, 401 Mass. 1009, 1010 (1988) (rule 6 disregarded but no reversal because no proper objection).[3]

*Judgment reversed.*

*Verdict set aside.*

---

[3] The rule 6 decisions should not be confused with other decisions involving different problems in jury selection such as the disallowance of challenges, see *Commonwealth* v. *Tropeano*, 364 Mass. 566, 567-568 (1974); *Commonwealth* v. *Amazeen*, 375 Mass. 73, 83-84 (1978); *Commonwealth* v. *Wood*, 389 Mass. 552, 564 (1983); *Commonwealth* v. *Susi*, 394 Mass. 784, 788-789 (1985), and the failure to make proper inquiry of prospective jurors under Mass.R.Crim.P. 20(b)(1), see *Commonwealth* v. *Fudge*, 20 Mass. App. Ct. 382, 387-389 (1985).