Commonwealth v. Jean-Louis.

COMMONWEALTH *vs.* JUNIAS JEAN-LOUIS.

No. 06-P-1519.

Middlesex. October 9, 2007. - November 27, 2007.

Present: CYPHER, DREBEN, & COHEN, JJ.

*Jury and Jurors. Practice, Criminal,* Empanelment of jury, Challenge to jurors. *Rules of the Superior Court.*

The judge at a criminal trial erred in allowing the defendant's motion for a new trial, where the judge's practice of requiring the parties to exercise their respective peremptory challenges after each prospective juror had been individually questioned and before the jury box had been filled with the requisite number of indifferent jurors was not in violation of Rule 6 of the Rules of the Superior Court and, therefore, did not constitute an abuse of the judge's discretion. [741-744]

INDICTMENTS found and returned in the Superior Court Department on August 28, 2003.

The cases were tried before *Charles T. Spurlock,* J., and a posttrial motion to set aside the verdicts and for a new trial was heard by him.

*Benjamin Halasz,* Assistant District Attorney, for the Commonwealth.

*Bonny M. Gilbert* for the defendant.

DREBEN, J. At the defendant's sentencing hearing, after his convictions of a number of serious offenses,[1] the trial judge voiced concern that the jury empanelment procedure he had followed did not comply with Superior Court Rule 6 (1989). He informed the defendant that he could file a motion for a new trial and suggested that both parties brief the issue. Following

---

[1]The defendant was convicted of assault with intent to commit rape, kidnapping, indecent assault and battery on a person who has attained the age of fourteen, assault and battery, threat to commit a crime, and intimidation of a witness.

briefing and argument, the judge, relying on *Commonwealth* v. *Ptomey*, 26 Mass. App. Ct. 491, 494 (1988), and *Commonwealth* v. *Johnson*, 417 Mass. 498, 507 (1994), determined that absent a finding on the record that special or exceptional circumstances existed, he could not require the parties to exercise their respective peremptory challenges after each prospective juror was individually questioned and before the jury box was filled with the requisite number of indifferent jurors. Accordingly, without sentencing the defendant, he allowed the defendant's motion for a new trial. The Commonwealth appeals from that determination and claims that *Commonwealth* v. *Sires*, 413 Mass. 292, 308 n.19 (1992), is dispositive and requires reversal.[2] We agree and reverse the allowance of the defendant's motion for a new trial.

*Procedure followed.* Prior to empanelment of the jury, the defendant filed a motion seeking individual voir dire of the venire. The motion was allowed, and the judge, after posing general voir dire questions to the jury pool, asked each prospective juror individually at sidebar the questions requested by the defendant and those requested by the Commonwealth. Subsequent to finding a juror indifferent, the judge required the Commonwealth, and then the defendant, to decide whether to exercise a peremptory challenge after each individual voir dire. Neither party objected to this procedure at this time, although the defendant had previously objected before the empanelment of the jury.[3]

Before discussing *Commonwealth* v. *Sires*, 413 Mass. at 308 n.19, it is helpful to review the prior cases and the 1974 and

---

[2] A joint motion by the Commonwealth and the defendant was filed in this court seeking to "split" the appeal from the order granting a new trial from the defendant's appeal from his convictions. Although he denied the motion, the single justice stayed the defendant's appeal from his convictions pending the outcome of the Commonwealth's appeal from the allowance of the motion for a new trial.

[3] Unfortunately, the transcript does not contain the portion of the proceedings in which the judge informed counsel of the method to be followed or the portion in which counsel objected. In his memorandum (and his amended memorandum) granting a new trial the judge stated,

> "Before the empanelment of the jury . . . counsel for the defendant objected to the court's order that peremptory challenges would be exercised at side bar after each juror was found to be indifferent. Counsel

1989 versions of the rule. Rule 6 of the Superior Court (1989), set forth in the margin,[4] prescribes the general procedure in the Superior Court "for the exercise of peremptory challenges to prospective jurors. It provides that the box be filled with the requisite number of indifferent jurors before any peremptory challenges are exercised, and that the defendant is not required to exercise any of his peremptory challenges until the prosecutor has made his challenges." *Commonwealth* v. *Ptomey*, 26 Mass. App. Ct. at 494. There are, however, exceptions contained in the first sentence of the rule. When *Ptomey* was decided in 1988, Rule 6 of the Superior Court (1974) allowed "an exception only in a trial of an indictment for a capital crime or in [a] case in which a judge 'specially otherwise ordered.' " *Com-*

---

did not cite any authority other than he was not use[d] to such a procedure."

At the hearing on the Commonwealth's motion for reconsideration of the allowance of the motion for a new trial, the judge, addressing the defendant's counsel, stated, "It's very clear that you objected to the way that the [e]mpanelment process was . . . done." In view of the judge's comments and our construction of rule 6, we decline to address the Commonwealth's argument that the defendant waived any objection to the empanelment process.

[4]The rule is entitled "Peremptory Challenges of Jurors." It is stated to be "Applicable to all cases" and reads as follows:

> "The procedure in the matter of peremptory challenges of jurors, except when an individual voir dire is conducted, shall be as follows, unless specially otherwise ordered in a particular case. The jurors shall first be called until the full number is obtained. If any examination on oath of the jurors is required, it shall be made, and any challenge for cause shall be acted on, and if any jurors shall be excused others shall be called to take their places. When it has been determined that all the jurors stand indifferent in the case, each plaintiff shall at one time exercise his right of peremptory challenge as to such jurors, and after others have been called to take the places of those challenged, and it has been determined that they stand indifferent in the case, shall at one time exercise his right of challenge of such others, and so on until he has exhausted his right of peremptory challenge or has ceased to challenge. Each defendant shall then exercise his right in the same manner. Each plaintiff, if his right of peremptory challenge has not been exhausted, shall then again exercise his right in the same manner, but only as to jurors whom he has not already had opportunity to challenge; and the parties shall likewise exercise the right in turn, until the right of peremptory challenge shall be exhausted or the parties shall cease to challenge. No other challenging, except for cause shown, shall be allowed."

monwealth v. Barry, 397 Mass. 718, 724 (1986), quoting from Commonwealth v. Barrows, 391 Mass. 781, 784 (1984).[5] Thus in Commonwealth v. Ptomey, 26 Mass. App. Ct. at 494, at a time when the rule provided no exception for cases where an individual voir dire was conducted, the failure of the trial judge to follow the general rule was held to be reversible error.[6] Writing for the court, then Chief Justice Greaney noted that the rule is to be strictly enforced, and pointed out that the rule "is designed to protect the parties' right to full comparative choice in the selection of a jury by allowing them to exercise their peremptory challenges against the prospective jury viewed and evaluated as a whole." Ibid.

In Commonwealth v. Barry, 397 Mass. at 725-726, the Supreme Judicial Court explained the reason for the exception in rule 6 for death penalty cases. See note 5, supra. After pointing out that it had previously construed special procedures and protections applicable in death penalty cases to apply to cases of murder in the first degree despite the elimination of the death penalty, the Supreme Judicial Court held that the exception in rule 6 for trials on indictments punishable by death governs trials for murder in the first degree. The court noted:

> "Because of the many more peremptory challenges in a capital case, seating the jury will be a lengthier process. To help streamline the process, the juror-by-juror method of challenge may be adopted."

Ibid. This rationale was reiterated and used to counter an equal protection challenge to the death penalty exception in rule 6 in Commonwealth v. Freiberg, 405 Mass. 282, 292-293, cert. denied, 493 U.S. 940 (1989). The justification for the exception constituted a rational basis for upholding the disparate treatment

---

[5]The first sentence of the 1974 version, applicable at the time of Ptomey, read: "The procedure in the matter of peremptory challenges of jurors, except in an indictment for a crime punishable by death, shall be as follows, unless specially otherwise ordered in a particular case." In all other respects the rule was identical to the 1989 version. See note 4, supra.

[6]We held that the other exception, when "specially otherwise ordered," applies only to a "special or exceptional situation." Commonwealth v. Ptomey, supra at 495.

between capital defendants and other defendants.

In March, 1989, a few months after the decision in *Commonwealth* v. *Ptomey, supra,* rule 6 was amended, effective April 1, 1989, by eliminating the exception for indictments for a crime punishable by death, and inserting a new exception, namely, "when an individual voir dire is conducted." See note 4, *supra.* The drafters of the new exception no doubt considered the explanation for the previous exception set forth in the *Barry* and *Freiberg* cases applicable because the added protection of individual voir dire results in a "lengthier process," and amended the rule so that, in his or her discretion, the judge could adopt the juror-by-juror method of challenge "[t]o help streamline the process." See *Commonwealth* v. *Barry,* 397 Mass. at 725-726.

We now turn to footnote 19 of *Commonwealth* v. *Sires,* 413 Mass. at 308,[7] which reads:

> "The defendant argues that there was a substantial likelihood of a miscarriage of justice because the judge required the defendant to exercise his peremptory challenges after the individual voir dires of each juror. This practice is not in violation of Rule 6 of the Rules of Superior Court (amended, effective April 1, 1989). The subject was within the discretion of the judge, and he did not abuse that discretion."

We agree with the Commonwealth that the footnote is dispositive. We have reviewed the prior rule and the cases to give context to the footnote and arguments advanced in this case.[8]

*Order allowing motion for new
trial reversed.*

---

[7]*Sires* was a case of murder in the first degree.

[8]As the defendant has not yet been sentenced, the case will need to be remanded for his sentencing before his appeal from the convictions can proceed.